WRIGHT, FINLAY & ZAK, LLP
Charles C. McKenna, Esq. SBN 167169
Nicole S. Dunn, Esq., SBN 238282
4665 MacArthur Court, Suite 280
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 477-9200
ndunn@wrightlegal.net
Attorneys for Defendant, Fay Servicing, LLC

SHAPERO LAW FIRM
Sarah Shapero (Bar No. 281748)
One Market, Spear Tower, 36th Floor
San Francisco, California 94105
Tel: (415) 293-7995; Fax: (415) 358-4116
Attorney for Plaintiff, ADREANNA CAFFERO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| ADREANNA CAFFERO, | ) Case No: 2:20-cv-01945-wbs-kjn |
|---|---|
| Plaintiff, | ) **STIPULATION AND ORDER** |
| v. | ) **STAYING LITIGATION** |
| | ) **BETWEEN PLAINTIFF** |
| SPECIALIZED LOAN SERVICING, LLC a business entity; FAY SERVICING, LLC, a business entity; and DOES 1-25, Inclusive, | ) **ADREANNA CAFFERO AND** |
| | ) **DEFENDANT FAY SERVICING,** |
| | ) **LLC** |
| Defendants. | ) |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**THIS STIPULATION** by and between Defendant, Fay Servicing, LLC ("Fay") and Plaintiff Adreanna Caffero (collectively and hereinafter "Parties"), by and through their respective counsel of record, is made pursuant to the following facts:

1

STIPULATION AND ORDER STAYING LITIGATION BETWEEN PLAINTIFF
ADREANNA CAFFERO AND DEFENDANT FAY SERVICING, LLC

1. WHEREAS this is the first request for a stay in this matter by any party;

2. WHEREAS, Plaintiff initiated the instant action by filing a Complaint on September 28, 2020;

3. WHEREAS, Fay filed its Answer to Plaintiff's Complaint on October 19, 2020;

4. WHEREAS, a title problem exists relative to the subject property as follows. Geneva Oldham died on January 21, 2017. Her daughter, Pamela Lee Oldham died on January 6, 2013. Plaintiff is one of two adult children of Pamela Lee Oldham. Monthly payments on the first trust deed loan are in longstanding default. Plaintiff and her sister are contingent co-beneficiaries of the Oldham Trust. However, record title to the subject real property has never been formally transferred into their names.

5. WHEREAS, since there is no living successor trustee who can convey title, Plaintiff has started a probate action to administer the trust estate and obtain fee simple title. Thereafter, the Parties anticipate undergoing a loss mitigation review process.

6. WHEREAS, due to the period anticipated for the resolution of the title issue and loss mitigation process, Parties agree this case should be stayed between them for no less than six (6) months. The Parties further agree that a stay of the instant matter will not result in damages, prejudice, or hardship to any party and is likely to save the Court and Parties significant resources, including fees, costs, and time which would surely be expended if litigation were required to continue.

7. WHEREAS, the parties, having met and conferred on the issues and believe that the stay requested herein is appropriate.

8. WHEREAS, any party may file a written motion to lift stay at any time if either party determines it appropriate, and either party may file an opposition to the motion within fourteen (14) calendar days after the written motion is filed with the Court.

///

///

///

STIPULATION AND ORDER STAYING LITIGATION BETWEEN PLAINTIFF ADREANNA CAFFERO AND DEFENDANT FAY SERVICING, LLC

**NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE:**

1. Litigation between Plaintiff Adreanna Caffero, and Defendant Fay Servicing, LLC is stayed for a period of 6 months for the purposes of ensuring record title to the subject real property is formally transferred to the co-beneficiaries of the Oldham Trust and loss mitigation consideration. The stay will not result in any prejudice to any Party.

2. The stay shall elapse no earlier than July 1, 2021.

3. Any party may file a written motion to lift stay at any time if either party determines it appropriate, and either party may file an opposition to the motion within fourteen (14) calendar days after the written motion is filed with the Court.

4. This Stipulation may be executed in counterparts, and when each of the parties has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one document. The facsimile or photocopy of the signature page shall be acceptable and have the same force and effect as the original.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: December 10, 2020      By:   /s/ Nicole S. Dunn
                                    Nicole S. Dunn, Esq.,
                                    Attorneys for Defendant, Fay Servicing, LLC

SHAPERO LAW FIRM

Dated: December 10, 2020      By:   /s/ Sarah Shapero
                                    Sarah Shapero, Esq.
                                    Attorneys for Plaintiff, Adreanna Caffero

# ORDER

Pursuant to the stipulation of the parties and good cause appearing,

IT IS ORDERED THAT:

1. Litigation between Plaintiff Adreanna Caffero, and Defendant Fay Servicing, LLC is stayed for a period of 6 months for the purposes of ensuring record title to the subject real property is formally transferred to the co-beneficiaries of the Oldham Trust and loss mitigation consideration. The stay will not result in any prejudice to any Party.
2. The stay shall elapse no earlier than July 1, 2021.
3. Any party may file a written motion to lift stay at any time if either party determines it appropriate, and either party may file an opposition to the motion within fourteen (14) calendar days after the written motion is filed with the Court.

Dated:  December 11, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE