UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| ADREANNA CAFFERO, | No.  2:20-cv-01945 WBS KJN |
|---|---|
| Plaintiff, | |
| v. | |
| SPECIALIZED LOAN SERVICING, LLC, a business entity; FAY SERVICING, LLC, a business entity; and DOES 1-25, inclusive, | |
| Defendants. | |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for July 5, 2022, and makes the following findings and orders without needing to consult with the parties any further.

I.   SERVICE OF PROCESS

All named defendants have been served, and no further service is permitted without leave of court, good cause having

1

been shown under Federal Rule of Civil Procedure 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C §§ 1331, 1332, and 1441, because plaintiff brings a federal claim under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and there is complete diversity between the parties and the amount in controversy is met. Venue is undisputed and hereby found to be proper.

## IV. DISCOVERY

The parties have met and conferred and agree to waive initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than November 4, 2022. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before December 2, 2022.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by December 30, 2022. The word "completed" means that all discovery shall have been conducted so

that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than December 30, 2022.

V.   MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before January 27, 2023.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for April 10, 2023, at 1:30 p.m. in Courtroom No. 5 or via videoconference. The Courtroom Deputy will notify the parties prior to the Conference whether the Conference will be in person or via videoconference.  The Conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the

contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. TRIAL SETTING

The trial is set for May 31, 2023 at 9:00 a.m.  The parties estimate that the trial will last three to four days. In their Complaint, plaintiffs seek both equitable relief, including injunctive relief, declaratory relief and rescission of the Notice of Trustee's Sale, which presumably will have to be determined by the court, and damages which will presumably be determined by the jury.  Defendants state that they state that they "reserve their right to challenge the propriety of a jury trial."  Accordingly, in their trial briefs the parties shall address the question of which issues shall be determined by the jury and which shall be determined by the court.

VIII.     SETTLEMENT CONFERENCE

The parties have completed two VDRP mediation sessions,

which were unsuccessful.  Nevertheless, the parties state that they are amenable to VDRP or consent to a settlement conference with a Magistrate Judge.  Upon being contacted by the Clerk, however, counsel appear to disagree about how and if to proceed forward with settlement discussions.  Accordingly, the court will not require further VDRP or settlement proceedings at this time.  A Settlement Conference with a magistrate judge will be set at the time of the Pretrial Conference.  Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  The Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated: June 28, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE